IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARLON GEOVANNY URRUTIA-DIAZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:25-cv-03098-TLP-atc |
| v. ) | |
| ) | |
| SCOTT LADWIG, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITIONER'S POST-WRIT MOTION**

Petitioner Marlon Geovanny Urrutia-Diaz moves to "enforce and/or modify judgment and for Rule 60(b) relief." (ECF No. 12.) Respondent responded. (ECF No. 14.) And Petitioner replied. (ECF No. 5.) For the reasons below, the Court **DENIES** Petitioner's Motion.

**BACKGROUND**

Petitioner is a Honduran citizen detained in the West Tennessee Detention Facility in Mason, Tennessee. (ECF No. 1; ECF No. 14 at PageID 118.) He challenged his detention as an "arriving alien" under 8 U.S.C. § 1225(b) by petitioning here for a writ of habeas corpus. (ECF No. 1.) The Court partially granted his Petition ("Habeas Order"), holding that "Petitioner is . . . subject to the discretionary bond process under § 1226" and "his continued detention without that bond hearing violates his due process rights." (ECF No. 11 at PageID 85–86.) But the Court did not grant Petitioner's request for immediate release. It instead ordered Respondent "to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8), (d)(1) within 14 days." (*Id.* at PageID 87.)

Immigration Judge Ryan Thompson held Petitioner's hearing on January 16, 2026, and denied bond. (ECF No. 12 at PageID 89; ECF No. 12-1.) His Order reads:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered: Denied, because Flight risk, Respondent reports a different address than what the lease provided, Respondent has not been present in the United States a significant period of time and relief is highly speculative. Court also notes that Respondent is aware of previous ATD violations noted by the Department of Homeland Security, and the Court finds this was not sufficiently mitigated by Respondent's office check-in.

(ECF No. 12-1 at PageID 100.) Petitioner now argues that the Immigration Judge abused his discretion and failed to apply "the legal standards mandated by this Court's habeas judgment." (ECF No. 12.) Not only that, but he claims that his continued detention violates due process. (*Id.*) So he seeks an order directing his immediate release or release on "reasonable bond conditions set by this Court." (*Id.* at PageID 95.) Respondent opposes this relief. (ECF No. 14.) He asserts that Petitioner's detention complies with due process and § 1226(a). (ECF No. 14.)

## ANALYSIS

Petitioner moves the Court to "enforce and/or modify" its Habeas Order. (ECF No. 12.) Courts have the inherent power to enforce their judgments and orders. *See S.E.C. v. Dollar General Corp.*, 378 F. App'x 511, 516 (6th Cir. 2010); *Degen v. United States*, 517 U.S. 820, 827 (1996). But there is nothing left for the Court to enforce here. The Court ordered Respondent to "provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)." (ECF No. 11 at PageID 87.) And Respondent complied by providing Petitioner a bond hearing. That Petitioner disagrees with the hearing's result does not mean his continued detention violates due process. *See Al-Shabee v. Gonzales*, 188 F. App'x 333, 339 (6th Cir. 2006) (explaining that "disagreement with the Immigration Judge's order . . . does not constitute a violation of the Due Process Clause").

2

Petitioner alternatively moves the Court under Rule 60(b)(6) to release him or set bond conditions. Rule 60(b) provides a party relief from a final judgment, order, or proceeding "under limited circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022). "Particularly strict standards apply" to these motions and courts grant them "only in exceptional or extraordinary circumstances where principles of equity mandate relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (citations and internal quotation marks omitted); *Buck v. Davis*, 580 U.S. 100, 123 (2017) ("In determining whether extraordinary circumstances are present, a court may consider a wide range of factors."). That is because this type of motion cuts against "public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). And so the moving party must establish its grounds for relief by clear and convincing evidence. *Id.*

Petitioner argues that extraordinary circumstances are present here because the Immigration Judge's bond denial "undermines the substance of the Court's order." (ECF No. 12 at PageID 94.) The Court disagrees for the same reasons already discussed. The Immigration Judge denied Petitioner bond after finding that he posed a "flight risk based" on the facts in the record and matters discussed at the hearing. (*See* ECF No. 12-1 at PageID 100.) The record does not show that the Immigration Judge's discretionary decision is the type of exceptional or extraordinary circumstance that requires this Court to order Petitioner's release or set his bond condition.

## CONCLUSION

Petitioner is now detained under § 1226(a) and has had a bond hearing before an Immigration Judge. Although he disagrees with the result of that hearing, Respondent has

3

complied with this Court's Order.  So for the reasons above, the Court **DENIES** Plaintiff's Post-Writ Motion.

    **SO ORDERED**, this 18th day of February, 2026.

                                                           s/Thomas L. Parker
                                                           THOMAS L. PARKER
                                                           UNITED STATES DISTRICT JUDGE